JODI LINKER
Federal Public Defender
Northern District of California
ELISSE LAROUCHE
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Elisse_Larouche@fd.org

Counsel for Defendant Reyes Aleman

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAYCOL REYES ALEMAN,<br><br>Defendant. | **Case No.:** CR 2022–70740 LB<br><br>**OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER WAIVING TEN-DAY NOTICE**<br><br>**Court:**          Courtroom C, 15th  Floor<br>**Hearing Date:**  June 8, 2022<br>**Hearing Time:**  10:30 a.m. |

The defendant, Maycol Reyes Aleman, opposes the government's motion for an order waiving the ten-day notice requirement of 18 U.S.C. § 2518(9) for the defendant's bail hearing on Wednesday, June 8, 2022. The Court should deny the motion because the defendant would be prejudiced having only received the wiretap application and wiretap line sheets on the evening of Monday, June 6, 2022.

Section U.S.C. § 2518(9) sets out that "[t]he contents of any wire, oral, or electronic communication intercepted . . . shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court, *unless* each party, *not less than ten days before* the trial, hearing, or proceeding has been furnished with a copy of the court order, and

1   accompanying application, under which the interception was authorized or approved." (emphasis

2   added). Here, the government provided defense counsel with the court order and application not even

3   two days prior to the bail hearing. This does not comply with the default rule of ten days' notice.

4       The exception to the general rule of ten days' notice prior to disclosure only applies if the judge

5   finds: 1) that it was not possible to furnish the party with the above information before the hearing;

6   and 2) that the party will not be prejudiced by the delay in receiving such information. The second

7   requirement is not met. The government seeks to introduce damaging wire intercept evidence against

8   Mr. Reyes Aleman in its effort to ensure he remains detained. Having just received the wiretap

9   application and court order less than 48 hours before the hearing, the defense does not have adequate

10  time to research, investigate, determine whether there any infirmities with the application, or

11  otherwise mount an argument against the introduction of the wiretap evidence. A less than two-day

12  preparation time, in contrast to the ten days outlined by statute, impacts the most important of Mr.

13  Reyes Aleman's interests – his liberty. Further, there do not appear to be any extraordinary

14  circumstances warranting disclosure of the wiretap information at the bail hearing. The Court is

15  already aware of various wire intercept information, which was included in the complaint. The

16  government will also likely rely on information from law enforcement and evidence seized during the

17  search and arrest to make its argument for detention. This information will give the Court a full

18  picture of the information it needs to consider the nature and circumstances of the charged offense,

19  weight of the evidence, and nature and seriousness of the danger to the community. If the government

20  could merely assert its desire to give the Court a fuller picture of all of a defendant's offense conduct

21  in order to circumvent the notice requirement of 18 U.S.C. § 2518(9) at a bail hearing, it would

22  eviscerate any real teeth of the provision and its requirement for ten days' notice before a hearing.

23      As to the first requirement of the exception to notice, while the government could not have

24  produced the wiretap court order and application ten days prior to the scheduled bail hearing on June

25  8 given the defendant's initial appearance on June 3, it certainly could have provided it sooner than

26  June 6 if it intended to use the wiretap information at the bail hearing. The government has had these

27  wiretaps and just as they were prepared to charge and arrest Mr. Reyes Aleman, they should have

28  been prepared to notice and produce to the defense the wiretaps. Moreover, the defendant has a

1  constitutional right to a prompt bail hearing and a right to hearing within three days per 18 U.S.C.

2  § 3142(f). That the government wants to make a stronger case against Mr. Reyes Aleman at his bail

3  hearing does not take precedence over his important right to seek bail.

4      Finally, none of the cases cited by the government are persuasive, binding authority and they

5  are also distinguishable. *See United States v. Valenzuela*, No. 10CR3044 WQH, 2010 WL 3584530,

6  at *3 (S.D. Cal. Sept. 8, 2010) (district court denied defendant's motion to suppress wiretap evidence

7  at bail hearing finding, in a footnote, no prejudice to defendant and that the court would have

8  continued the bail hearing for ten days in any event); *United States v. Tortora*, 922 F.2d 880, 886 (1st

9  Cir. 1990) (this out-of-circuit case does not reference 18 U.S.C. § 2518(9) and thus does not address

10  the notice exception requirements); *United States v. Berrios-Berrios*, 791 F.2d 246, 253 (2d Cir.

11  1986) (determining, under an abuse of discretion standard, that the district court did not err in

12  admitting results of electronic surveillance because most of the materials were previously disclosed in

13  a state court hearing and the defense team had an opportunity to review the documents and because

14  the judge had a colloquy in which the court determined there was no prejudice to the defense).

15      In sum, the Court should find that the two requirements for the exception to notice in 18 U.S.C.

16  § 2518(9) are not met because the lack of timely notice prejudices Mr. Reyes Aleman's ability to be

17  fully prepared in a hearing affecting his important liberty interests. The government's suggestion that

18  there is no prejudice because Mr. Reyes Aleman can later litigate the sufficiency of the wiretap at

19  trial or reopen bond does not acknowledge that every additional day in custody is prejudicial to him.

20  Accordingly, the Court should not permit the government to disclose wire intercept information at the

21  bail hearing.

22

23      Dated:    June 7, 2022                    Respectfully submitted,

24                                              JODI LINKER
                                                Federal Public Defender
25                                              Northern District of California

26                                    _____/S_____
27                                              ELISSE LAROUCHE
                                                Assistant Federal Public Defender
28